**Baijnath AGIWAL, Plaintiff–Appellant,**

v.

**HSBC MORTGAGE CORPORATION,
UNUM Group, Defendants–
Appellees.**

**No. 11–568–cv.**

United States Court of Appeals,
Second Circuit.

May 15, 2012.

Baijnath Agiwal, Fresh Meadows, NY,
pro se.

ALLAN S. BLOOM (Erin E. LaRuffa,
on the brief), Paul Hastings LLP, New
York, NY, for Appellees.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR., Circuit
Judges, J. GARVAN MURTHA,* District
Judge.

**SUMMARY ORDER**

Plaintiff–Appellant Baijnath Agiwal, *pro
se,* appeals the district court's dismissal of
his action pursuant to Federal Rule of
Civil Procedure 37(b)(2)(A)(v) due to his
noncompliance with discovery orders. We
assume the parties' familiarity with the
underlying facts, procedural history, and
issues on appeal.

We review the imposition of sanctions
for abuse of discretion, and the factual
findings made in support of the district
court's decision for clear error. *See S.
New England Tel. Co. v. Global NAPs
Inc.,* 624 F.3d 123, 143 (2d Cir.2010). In
Agiwal's previous case before this Court,
we identified several useful factors for
evaluating a district court's dismissal of an
action under Rule 37: "(1) the willfulness
of the non-compliant party or the reason
for noncompliance; (2) the efficacy of less-
er sanctions; (3) the duration of the period
of noncompliance, and (4) whether the non-
compliant party had been warned of the
consequences of . . . noncompliance." *Agi-
wal v. Mid Island Mortg. Corp.,* 555 F.3d
298, 302 (2d Cir.2009) (internal quotation
marks omitted); *see also S. New England
Tel. Co.,* 624 F.3d at 144. Where a plain-
tiff appears *pro se,* dismissal with preju-
dice may be imposed only if "a warning
has been given that noncompliance can
result in dismissal." *Valentine v. Museum
of Modern Art,* 29 F.3d 47, 50 (2d Cir.
1994).

We have reviewed the record in light of
these principles and now affirm the district

---

* The Honorable J. Garvan Murtha, of the Unit-
ed States District Court for the District of
Vermont, sitting by designation.

court's dismissal of Agiwal's action. The record amply supports the district court's finding that Agiwal's noncompliance was willful. Agiwal repeatedly defied discovery orders, despite the magistrate judge's careful efforts to explain his obligations under those orders and Agiwal's confirmation that he understood what he was required to do. Agiwal also failed to appear at his scheduled deposition without providing adequate notice or explanation to either Defendant HSBC Mortgage Corporation or the district court. The efficacy of lesser sanctions to correct such behavior is doubtful, given that the Rule 37 dismissal of one of Agiwal's previous actions did not deter him from his noncompliant behavior in this case. *See Agiwal*, 555 F.3d at 303. Instead, Agiwal persisted in his noncompliance for a period of approximately three months. After his failure to comply with the court's orders entered on May 6, 2010 and June 25, 2010, the magistrate judge explicitly warned Agiwal, both orally and in written orders, that continued refusal to comply would result in her recommending the dismissal of his action. Notwithstanding those warnings, Agiwal again disregarded the magistrate judge's orders.

To the extent Agiwal challenges the denial of his request for the magistrate judge's recusal, his challenge is without merit. The magistrate judge's impartiality could not reasonably be questioned under the circumstances. *See United States v. Lovaglia*, 954 F.2d 811, 814–15 (2d Cir. 1992).

We have considered Agiwal's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**